' The opinion of the court was delivered by
McEnery, J.
This suit was instituted to dissolve and settle a partnership in the livery stable business entered into between the plaintiff and defendant. Until the institution of this suit there had been no adjustment of the accounts between them. The plaintiff filed an amended petition, which was allowed over the objections of the defendant. An injunction had been issued, restraining the defendant partner from disposing of the partnership effects. The amended petition does not refer to the injunction proceeding, and in no way alters or changes the substance of the petition on the principal demand. It was therefore properly allowed.
There was judgmeht dissolving the partnership, charging plaintiff, out of his half of the partnership property, §546.64, ordering an ■equal division of the property, cash and accounts, reserving to plaintiff Taylor his right to recover the amount of such accounts as should fall to him, and which had been paid to Ragland, and not ■ charged against said Ragland.
Experts were appointed, who examined the books and made a report, which was homologated. All through the trial there were objections by both parties to testimony in relation to this report. We have examined these objections, and, under the peculiar conditions of this case, we do not think the District Judge erred in his .ruling.
*1021 The books were kept in great confusion. There was no cash book,, and the entries were made on memoranda. There was no partnership account or individual account kept, except against plaintiff. There was no open account in the ledger when money-was paid. There was no contra account as to one member of the firm against the other. The experts made a statement as accurate as could have-been ascertained from the books. Their report was a substantial compliance with the order of court. But it was necessary, in order-to arrive at a just settlement, to gb outside -of the books, and to-the testimony of witnesses who had dealings with this firm. The report of the experts, however, show the exact condition of the business as stated in them. So far as it went it was correct. The plain — tiff is to some extent responsible for this condition of the partnership affairs. He was not denied access to the books, and seems to-have contented himself with arequestfor an inspection, and to have-been satisfied with defendant’s answers.
We agree with the District Judge that there was no intention on the part of the defendant to- defraud the plaintiff. That the confusion and errors were the result of ignorance and gross carelessness.
We have carefully examined the transcript, and we conclude that the judgment appealed from has done substantial justice between the parties, and we find only a small error, which it is necessary to,correct by amendment of the same.
Both parties ask for an amendment of the judgment. The plaintiff complains of the allowance to the defendant of the items for-board and services of his minor sons, and for the sum of $500 he* drew from the partnership funds for the support of his family.
The evidence is conclusive as to the work done by the sons of defendant for the partnership. The plaintiff made no objection to their employment. He was under no obligation to give their services tov the partnership. All that could be demanded was his own services,, faithfully and diligently performed in its interest. There was a great deal of testimony offered to show that Ragland, the defendant, bought articles of merchandise, for which he paid cash. Unless it is positively shown that this was partnership money, which he had collected and not accounted for, there can be no reason to charge him with the amount of money thus expended.
Therefore the proof that it costs $500 annually to support his: *1022 family is no reason why he should be charged this amount, unless, ■as stated, he owed partnership money for this purpose, for which he had not accounted to the partnership.
The defendant prays for an amendment of the judgment, so as to allow the defendant for services as business manager of the partnership affairs.
We have not been referred to the articles of partnership which stipulated that the defendant partner was to be thus compensated. He can not claim remuneration for services without a special agreement.
He owes to the partnership gratuitously his labor, skill and services so far as they may be required for the success of the partnership.
The $600 for house rent was paid out of the funds of the partnership. It is not shown that this amount was charged to the partner ■ on the books of the firm.
It is therefore ordered, adjudged and decreed that uhe judgment appealed from be amended, so that instead of plaintiff being required to pay defendant out of plaintiff’s half in the property the sum of $546.69, and in the partition, if any of the accounts which fall to plaintiff should have been paid to Ragland and unaccounted for to the partnership, the right to sue Ragland, defendant, is reserved to plaintiff, the decree shall be that each partner shall be charged with the funds or property he has received from the partnership; and if in the division of the accounts it shall be ascertained that any of them have been paid to and unaccounted for by Ragland, he shall be charged with the same. If any amount shall go into the hands of the plaintiff in said division which it was not ascertained at the time of division were paid to Ragland, the right of plaintiff to recover the amount from Ragland is reserved.
In all other respects the judgment is affirmed; the defendant to pay costs of appeal.